## No. 13,719.

ST. BERNARD POULTRY FARM ET AL. *v.* CITY OF AURORA.
(54 P. [2d] 684)

Decided February 3, 1936.

Mr. LUKE J. KAVANAUGH, for plaintiffs in error.

Messrs. HARRISON & HARRISON, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error, a corporation, its president and secretary, will herein be mentioned by name or as the poultry farm. September 14, 1934, Zurcher, the presi-

dent, in compliance with the ordinances of the city of Aurora, a municipal corporation, applied for a permit to construct, establish and operate a fox farm on lands of the poultry farm, then within the city limits. October 1, 1934, the city council denied the application. Notwithstanding this denial, the poultry farm proceeded with preparations and declared its intention to complete the project. November 17, 1934, the city filed its complaint herein for injunction, alleging the application for, and denial of, the permit under ordinances adopted pursuant to the 45th and 53rd subdivisions of section 8987, Compiled Laws of 1921. Such portions of ordinance No. 95, as are material to the inquiry are as follows:

"Section 1. No candle factory, soap factory, * * *, fox or goat farm, * * * shall be * * * established or carried on within the limits of the City of Aurora, unless the same be in operation at the date of the passage of this ordinance, without a permit, as hereinafter provided for from the City Council of said City, and if any such establishment be in operation at the date of the passage of this ordinance, the same shall not be enlarged in any manner, without a similar permit from the said City Council.

"Section 2. Any person desiring to establish any such business shall make an application in writing to the Board of Trustees of said town, stating where it is desired to establish any such business. * * *

"Section 3. That hereafter any such establishment that shall be carried on or enlarged within the Town of Aurora or within one mile of the limits of the Town of Aurora, without such permit, or carried on in a noisome, foul, or offensive manner, or so as to be deleterious to the public health, after having been notified by the Board of Trustees to diminish or abate the same, shall be deemed and declared a nuisance, and under the provisions of this ordinance, the proprietor or proprietors, or lessee or lessees, thereof, shall be deemed the author of such nuisance, and on conviction, shall be fined. * * *"

It is further alleged that the establishment of the proposed fox farm will damage plaintiff by causing a depreciation in the value of dwellings and other improvements located within the city borders. To this complaint, defendants filed a demurrer which was overruled and a temporary injunction granted. Within the time allowed, and January 5, 1935, defendants elected to stand on their demurrer and the temporary injunction was made permanent.

January 25, 1935, by a decree of the county court, the lands of the poultry farm were disconnected and separated from the city, and February 16, 1935, defendants filed a petition in the present suit to vacate and set aside the permanent injunction theretofore granted because the lands on which defendant had been forever enjoined from establishing a fox farm, were no longer within the city limits, and the city no longer had jurisdiction over said lands. The court denied the petition and defendants now prosecute the writ of error herein. The city has filed no brief, but consents that the case be determined upon the brief of plaintiff in error.

We need not here determine the validity of the original injunction. Under the statute enumerating the powers of incorporated towns and cities, plaintiff undoubtedly had the power to declare what shall be a nuisance, and abate any such within its corporate limits; but power is not conferred upon it and it has no authority to *declare* and *define* what shall constitute a nuisance *within a mile beyond its outer boundaries* and to abate the same. The only power granted is to prohibit within its limits and within one mile beyond, any offensive or unwholesome business or establishment. Therefore, upon the showing presented by defendants on petition to vacate and dissolve the permanent injunction, that the injunctive order then included premises beyond the city limits, the court should have sustained the petition and dissolved the injunction.

The judgment is reversed and the cause remanded with

directions to dismiss the complaint and dissolve the permanent injunction.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.